Madden, Judge,
delivered the opinion of the court:
Plaintiff sues for additional costs incurred in carrying out a contract with the defendant, asserting that the defendant by misrepresentation and nondisclosure misled plaintiff into contracting with it, to plaintiff’s damage.
*106 Plaintiff contracted on March 2,1984. to build a ramp and subway just north of and leading into the basement of the new Labor Department building in Washington, D. C. When it began the excavation for the job, it encountered heavily reinforced concrete footings, not visible on the surface and not mentioned in the specifications, and not contemplated by plaintiff in making its bid. The removal of these footings was the cause of the additional costs here sued for.
The site of the building of the Department of Labor, as well as that of the ramp and subway, had been occupied until 1931 by the buildings of the Potomac Electric Power Company, the utility serving the District of Columbia with electricity. That company’s power plant with its heavy foundations for machinery had been on the southerly end of the site. The office building of the utility company, a four-story brick structure, had been north of the power plant. All of the site of the power plant and some of the site of the office building were later occupied by the building of the Labor Department. In 1931, in preparation for the new construction, the defendant had let a contract for the clearing of this site and of some additional land to the east which it had acquired and which was to be the location of a new Interstate Commerce Commission building and a connecting wing between that building and the Labor Department building. This contract had called for the demolition and removal of the buildings on the sites only to ground level, leaving any foundations below ground level and any floorings which rested on the ground in place.
! ■ Defendant had in the latter part of 1931 let a contract for the excavation for and construction of the foundation of the Labor building to a contractor other than plaintiff. The specifications in the invitations to bid for the contract described with some particularity the concrete pillars, foundations and walls to be expected on the site of the old power plant. They said nothing in particular about the site of the old office building, but required the contractor to remqve entirely any other old construction work found on the site on which the new work was to be done.
The contractor for the foundation job completed it in thq early part of 1932. In the summer of 1932 the defendant let *107 to plaintiff a contract for the construction of the Labor Department building, the Interstate Commerce Commission; building to the east of the Labor building and the connecting wing between them. In carrying out this contract, plaintiff placed temporary buildings for its workmen and engineers on the part of the former site of the office building which was not occupied by the Labor building. The office building had been demolished the year before, leaving, however, the concrete floor and such parts of the walls and the footings underneath them as were on or below ground level. Plaintiff’s superintendent and workmen were on the site continually during the twenty months of plaintiff’s construction of the Labor and Interstate Commerce buildings.
On June 26, 1934, the defendant invited bids for the construction of the ramp and subway, the ramp to be parallel with and about one hundred feet north of the north face of the Labor building and the subway to turn south and enter the basement of the building. The specifications in the invitation to bid referred to an accompanying drawing of the site which showed all of the former buildings which had been on the site. It thus showed among other things the location on the site of the proposed ramp of parts of the former north and west walls of the office building. Plaintiff’s officer who prepared plaintiff’s bid had known of the existence of the former buildings on the site when they were standing. By the time that plaintiff made its bid, the excavation and construction which had been taking place on the adjoining property for the past three years had covered most of the concrete floor of the former office building with earth and dust. However, there was nothing on the site at the time that plaintiff made its bid to indicate that any concrete ground flooring or any foundations of the old building had been removed. There is no evidence of any custom of removing such floorings or foundations when a building is demolished and a site cleared. Indeed, plaintiff’s contract involved in this suit called for the removal from another part of the site of a standing building down to only two feet below the ground level. There was also nothing in the specifications to indicate that any foundations had been removed. On the contrary, two items in the specifications related to the *108 removal under this contract of subsurface obstructions. Items 82 and 86 provided as follows:
82. Other construction. — Any old foundation walls, sidewalk or street construction, old pipes, sewers, conduits, and similar items within four feet laterally or two feet vertically of the subway construction shall be removed.
86. The contractor shall take the site as he finds it and remove all old structures within the lot lines. This work shall include the removal of interior walls, piers, partitions, chimneys, stairs, etc., in old basements or cellars, down to two feet below grade.
In these circumstances, plaintiff had no reason not to expect that it would encounter in the site which it contracted to excavate, whatever foundations, footings, or pillars may have been used to support the former four-story brick building. Plaintiff, though having an unusual opportunity to do so, seems to have made no effort to ascertain what foundations the building had had. When it began its work and its subcontractor encountered the footings, they turned out to be of an unusually obstinate type to remove, due principally to the amount of re-inforcing iron that was in them. But plaintiff had agreed to take the site as it found it and to remove such material as it might find there. The defendant had represented nothing, and had concealed nothing which it knew, about the condition of the premises. In fact the defendant had sought to find out more about the nature of the foundations of the office building, but there was no information to be had except that which could be learned by digging on the site, which method was equally available to plaintiff.
The drawing submitted by the defendant with the specifications showing the log of core borings made on the site of the Labor building was intended to relate only to soil conditions below the depth of the proposed excavation, into which soil piles were to be driven. The soil conditions under plaintiff’s excavation turned out to be like those shown on the drawing, as the defendant had surmised in its specifications that they were, but had expressly refrained from warranting that they were.
*109 We have, then, no misrepresentation, no concealment and, necessarily, no reliance. We have understandable disappointment at finding unexpectedly obstinate subsurface obstructions. We have loss to plaintiff, but not due to any legal or moral fault on the part of the defendant. The petition is dismissed.
It is so ordered.
Jones, Judge/ Whitaker, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.